# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-17-127 |
| | § | |
| DOUGLAS EARL MURPHY | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Douglas Earl Murphy, represented by counsel, filed a motion for a reduction in sentence to time served under the compassionate release provisions of 18 U.S.C. § 3582(C)(1)(A) (Docket Entries No. 51, 52, sealed) and a supplemental motion (Docket Entry No. 53, sealed). The Government filed a response opposing the motions (Docket Entry No. 54, sealed), to which Defendant filed a reply (Docket Entry No. 55, sealed).

Having considered the motions, the response and reply, the record, and the applicable law, the Court DENIES the motions for the reasons explained below.

### *Background*

Defendant is a 64-year old male currently confined at FCI Beaumont Low, a Federal Bureau of Prisons ("BOP") facility in Beaumont, Texas. He pleaded guilty before this Court on June 28, 2018, to receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (a)(5)(B), (b)(1), and (b)(2). The Court sentenced him to 60 months' imprisonment, followed by a 15-year term of supervised release. He has currently served slightly less than one-half of his sentence. The BOP reports Defendant's anticipated release date as May 15, 2023.

Defendant contends that he is entitled to a compassionate release because of his age, chronic obstructive pulmonary disorder ("COPD"), and conditions at FCI Beaumont Low. He requests that the Court grant his motions, reduce his sentence to time served, and release him to home confinement supervision.

### *Legal Standards*

Defendant brings his motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two primary conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id*. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id*.

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction:

(1)     the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;

(2)     the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;

(3)     family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or

(4)     other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

U.S.S.G. § 1B1.13, Application Note 1.[1] Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

---

[1]This Court's reference to the Guidelines is only one step in its own determination of whether extraordinary and compelling reasons warrant a reduction of Defendant's sentence. This Court is free to determine whether Defendant's medical conditions and other factors constitute extraordinary and compelling reasons for compassionate release. *See United States v. Gonzalez*, Appeal No. 19-50305 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court.").

3

As provided in both section 3582(c)(1)(A) and the policy statement, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement also recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds extraordinary or compelling reasons to warrant a sentence reduction and the defendant is found not to pose a risk of danger to the community, and it also finds that a sentence reduction is consistent with United States Sentence Commission policy statements. A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

### *Analysis*

*Exhaustion*

The Court finds that Defendant has exhausted his administrative remedies and may pursue the instant motions. *See United States v. Franco*, Appeal No. 20-60473 (5th Cir. Sept.

4

3, 2020) (holding that the statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a mandatory, nonjurisdictional claim-processing rule).

*Extraordinary and Compelling Reasons*

The Government does not dispute that Defendant's age and COPD meet the threshold requirements for "extraordinary and compelling reasons" under section 3582(C)(1)(A). The Government argues that Defendant is not entitled to a compassionate release under other applicable factors the Court must consider.

Defendant contends that COVID-19 conditions at the FCI Beaumont Low present a danger to him given his age and COPD. When determining whether a facility's conditions create an elevated risk of contracting COVID-19, courts have considered the rate of infection among inmates and staff, the number of deaths associated with COVID-19, and the precautions the facility is taking to prevent spread of the virus. Although Defendant's age and COPD could increase his risk for COVID-related complications, he has not demonstrated that conditions at FCI Beaumont Low create a significant risk of infection. The BOP currently reports only two inmates and one staff member with confirmed cases of COVID-19 at FCI Beaumont Low, and no deaths have been reported.[2] Although the facility had reported a significantly higher number of COVID-19 cases over the past few months, the virus appears under control if not quiescent at this time.

---

[2] *See* https://www.bop.gov/coronavirus (retrieved Sept. 10, 2020).

5

Defendant's medical records demonstrate that he is receiving regular medical care and treatment for his COPD, and current conditions at FCI Beaumont Low do not create an elevated risk of his contracting COVID-19. Defendant does not meet his burden of establishing extraordinary and compelling reasons for a compassionate release under section 3582(C)(1)(A). Nevertheless, the Court will address the remaining applicable factors, as they weigh against granting Defendant's motions.

*Sentencing Factors*

Defendant's criminal conduct involved receiving and possessing child pornography from a peer-to-peer file sharing network. The pornographic images and videos found on Defendant's computer depicted the sexual abuse of prepubescent minors between the ages of 3 and 12 years of age. Forensic analysis of Defendant's computer resulted in 517 images and 5 videos, including images depicting the penetration of a child under the age of 5, bestiality of children, and bondage of children. (Docket Entry No. 34, p. 6.)

The complete depth and breadth of Defendant's pornographic sexual exploitation of children remains unknown, as he admits to accessing child pornography for over twenty years. Moreover, Defendant deliberately destroyed an external hard drive containing additional images and videos of child pornography in anticipation of a federal search warrant. *Id*., p. 10. The PSR in this case shows that Defendant "came across" child pornography twenty years ago, and had downloaded new images and videos as recently as the weekend

6

before his arrest.  *Id.*, pp. 4–5.  Defendant knew that his conduct was unlawful, but was unable to refrain from continuing his criminal conduct.

Defendant's crimes are serious.  Without question, receiving and possessing child pornography, particularly through peer-to-peer file sharing networks, encourages the sexual exploitation of children.  Victim impact statements of the child victims identified in Defendant's case show that they will suffer life-long mental and emotional damage from their sexual abuse and from knowing that their abuse was videotaped and disseminated on the internet.  (Docket Entry No. 36.)

The Court sentenced Defendant to the statutory minimum of 60 months, 128 months below the bottom of the guideline range.  He has served only half of that sentence.  To release Defendant from incarceration midway through his already low sentence would not reflect the gravity of his offenses, promote respect for the law, provide just punishment, afford adequate deterrence to future offenses, or protect the public.  18 U.S.C. § 3553(a).

The sentencing factors of section 3553(a) weigh against Defendant, and the Court finds that a compassionate release is not merited in his case.

*Re-Entry Plan*

Defendant proffers a re-entry plan for the Court's consideration should it grant his motions for compassionate release.  He reports that he would move in with his son and daughter-in-law and their two young children.  He claims that he would never be left alone with the children, as his daughter-in-law works during the day and his son works at night.

7

Defendant states that he would like to return to work, if possible, and eventually obtain his own living accommodations.

According to Defendant, his son and daughter-in-law are agreeable to his moving into their home with their two small children despite his convictions for receipt and possession of child pornography.  In support, Defendant submits a typed letter purportedly written by his son.  (Docket Entry No. 53, Exhibit 1.)  The Court will not rely on the letter as it is unsigned.

Even assuming the letter were jointly signed by Defendant's son and daughter-in-law, the Court finds no justification for authorizing a person convicted of receiving and possessing child pornography to live in a home with two small children.  The child pornography in this case was of a particularly sadistic, abusive nature, including child bondage and bestiality.  Defendant admits to seeking out child pornography involving prepubescent children, as he is attracted to their "innocence."  His predilection for child pornography encompasses a twenty-year history.  The Court takes little comfort in the fact that the children's parents are apparently willing to accommodate Defendant in their home, and takes no comfort in the fact that Defendant is the children's grandfather.

Federal agencies responsible for supervising Defendant's fifteen-year supervised release may see the situation differently.  At this time, however, the Court will not condone Defendant's proposed re-entry plan for residing in a home with young children.

*A Continuing Danger*

Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."  In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. § 3142(g).

The Court again notes that Defendant's attraction to child pornography has been long-standing and uncurbed.  He admits having a preference for children ages 12 and 13 years of age "because of their innocence."  (Docket Entry No. 34, p. 5.)  His collection of child pornography included children restrained with ropes being forced to have oral sex with adult men and canines.  *Id*., p. 4.  Defendant knew that viewing child pornography was illegal, but he "still sought it out."  *Id*., p. 5.  He admitted to investigators that he attempted to masturbate to child pornography on more than one occasion.  *Id*.

Defendant contends in his motions that, despite his unabated 20-year-long history of viewing child pornography, he is no longer a threat to the community after two years in prison.  He states that he is now aware that child pornography damages child victims, and wishes only to return home, regain employment, and help support his family.

Defendant reports completing a one-year mental health and substance abuse treatment program while on pretrial bond, and completing a BOP drug education program and a

business ethics course while incarcerated.  (Docket Entry No. 52, Exhibit 4.)  Absent from these undertakings is any mention of participation in sex offender treatment or therapy either before or during his current imprisonment.  Indeed, the record is devoid of any significant steps Defendant has taken towards sex offender rehabilitation.  Although his counsel claims that in his experience, access to BOP sex offender treatment programs is "limited," the fact remains that Defendant has not undergone sex offender rehabilitation at this time.

Defendant's counsel informs the Court that, "The U.S. Probation Office is perfectly capable of placing [Defendant] in an appropriate treatment program upon release."  *Id*. According to Defendant, any threat he poses can be controlled through conditions of supervised release.  (Docket Entry No. 55, p. 6.)  Defendant appears to be postponing rehabilitative treatment until he is released from prison, whether now or in 2023.  His plan, however, entirely misses the mark, as he is asking this Court to release him into a home with minor children in absence of any progress toward rehabilitating his proclivity for child pornography.  Defendant's lack of sex offender counseling gives the Court pause.  Moreover, given the U.S. Probation Office's limited ability to supervise released offenders during the on-going COVID-19 pandemic, Defendant's reliance on that agency to curb his criminal penchants and conduct is not a satisfying response at this time.

The Court is well aware that Defendant successfully remained on pretrial bond prior to his incarceration and has not incurred any prison disciplinary incidents during the past six months.  These achievements do not lessen the serious nature of Defendant's criminal

convictions or reduce the weight of the evidence amassed against him.  Nor do they negate his professed taste for child pornography or excuse his lack of rehabilitative measures.

Because Defendant fails to show that he "is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), the Court finds that granting Defendant a sentence reduction to time served would not be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

## *Conclusion*

For the above reasons, Defendant's motions for compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entries No. 51, 52, 53) are DENIED.

Signed at Houston, Texas, on September 17, 2020.

_____

Gray H. Miller
Senior United States District Judge